JAMES W. LOUGH, Administrator, *vs.* THOMAS M. PITMAN.

## January 15, 1880.

**Order Directing Satisfaction of Judgment.**—An order setting aside an execution, and directing entry of satisfaction of a judgment, upon the basis of the acquiescence of the parties for nearly seven years in a settlement of the judgment, and in an irregular entry of satisfaction thereof, upheld.

Appeal by plaintiff from an order of the district court for Scott county, entered by direction of *Cox*, J., acting for the judge of the 8th district.

*E. Southworth*, for appellant.

*R. A. Irwin*, for respondent.

BERRY, J. The plaintiff took out execution upon a judgment which his intestate had, in his lifetime, recovered against the defendant, in the district court for Scott county. Thereupon, defendant, upon notice to the plaintiff, moved for an order setting aside the execution, and directing satisfaction of the judgment to be entered. One ground of the motion was that the judgment had been fully satisfied, by full payment thereof to the plaintiff's attorney, nearly seven years before issuance of the execution mentioned. The motion was heard (both parties appearing) by Judge Cox, who made and signed the following order, viz. :

"The defendant asks to have an execution issued in the above cause set aside, and for an order satisfying the judgment rendered herein, upon grounds of payment thereof. * * The fact that a satisfaction of the judgment by way of receipt given in full by plaintiff's attorney, more than seven years past, has been permitted to remain on file, and an entry in the so-called clerk's judgment-book or docket, or whatever the book may be called, of satisfaction, unchallenged for an equal length of time, impels me to grant the motion, and vacate and set aside said execution issued upon said judgment. Ordered accordingly."

This order appears to proceed upon the basis that the receipt mentioned was given by the attorney of the plaintiff. One of the principal matters in controversy upon the motion was as to whether the person who assumed to act as the plaintiff's attorney in giving the receipt, and who signed it ostensibly in that capacity, was the plaintiff's attorney, and authorized to receive satisfaction of the judgment. Upon this question the judge below appears to have passed, and to have held that the person who signed the receipt was the plaintiff's attorney and executed the receipt as such; and upon this basis, although satisfaction of the judgment had not been entered of record in the form prescribed by statute, the judge below held, in effect, that a very long time (nearly seven years) having elapsed without any challenge of the entries which had been made upon the records of the case, obviously for the purpose of evidencing a satisfaction of the judgment, or of the satisfaction receipt which had been filed in the case, the parties should be regarded as having acquiesced in the settlement which was made by the plaintiff's attorney and the defendant as a full satisfaction, in fact, of the judgment, and to have treated the somewhat irregular evidence of the settlement and satisfaction as sufficient for all practical purposes. Viewing the matter in this light, (and upon a careful scrutiny of all the papers before us we cannot say that he was not justified in so doing,) the judge below, in effect, directs satisfaction of the judgment to be formally entered, and that the execution which has been issued upon it be set aside. The order appears to us to be proper, and is accordingly affirmed.