## C. A. MANKER V. L. P. SINE.

FILED APRIL 7, 1896.　No. 6424.

1. **Satisfaction of Judgment.** The district court may, on motion and satisfactory proof that a judgment had been fully paid or satisfied by the act of the parties thereto, order it discharged and canceled of record.

2. **Replevin:** ALTERNATIVE JUDGMENT: SATISFACTION. The plaintiff against whom in an action of replevin judgment had been rendered for the return of the property in dispute, or for the value thereof in case it could not be returned, paid the amount of costs assessed against him, also the damage awarded for the wrongful detention of the property, and thereupon made a sufficient tender of said property to the defendant. *Held,* A discharge of the alternative judgment, and that satisfaction thereof should on his motion be entered of record.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

*Allen Beeson,* for plaintiff in error.

*Wooley & Gibson, contra.*

POST, C. J.

This cause was before us at a previous term, at which time a judgment for the defendant in error was reversed, with directions to the district court for Cass county to enter an alternative judgment upon the verdict of the jury for a return of the property replevied, or for its value in case a return thereof could not be had. (See *Manker v. Sine,* 35 Neb., 746.) Judgment having been rendered in accordance with the mandate of this court, the plaintiff in error, who is also plaintiff below, tendered to the defendant the property in

controversy at the place where it was taken from the latter by virtue of the order of replevin. He also paid to the clerk of the district court the sum of $24.63, costs assessed against him, and the further sum of $1, being the damage awarded by the jury for the wrongful detention of said property, and thereupon, by motion, sought to have the alternative judgment against him discharged and satisfaction thereof entered of record. The evidence upon which said motion was heard and determined is not made a part of the record, although the facts as found are substantially as alleged in the motion, judged by the following entry: "And now on this 29th day of May, 1893, it being one of the days of the regular 1893 term of this court, this cause came on for decision on the motion of the plaintiff for a cancellation of the judgment herein, and the court, being well and fully advised in the premises, doth find that the plaintiff, after the judgment was rendered upon the mandate from the supreme court in this cause, tendered to defendant the property replevied in this cause, and made said tender at the place where said property was taken from the defendant under the writ of replevin, and that plaintiff offered to return said property to defendant, and that plaintiff has made a sufficient tender of said property to defendant, but the court being of the opinion that there is no authority in this proceeding to cancel the alternative judgment, the court refuses to interfere with said judgment, to which ruling and action the plaintiff and defendant each excepts."

The object of this proceeding is to secure a reversal of the foregoing order and for the remanding of the cause in order that the judgment de-

scribed may be satisfied of record under the direction of the district court. The finding being in favor of the plaintiff as to the alleged tender of the property, and payment of the costs and damage for the wrongful detention of such property being undisputed, our investigation is confined to a single question of practice, viz., whether the judgment defendant may in such case proceed in a summary manner by motion for the satisfaction of the judgment against him, or whether his remedy is by bill in equity or other appropriate action. It is by section 322, Code of Civil Procedure, among other things provided that "whenever any judgment is paid off and discharged, the clerk shall enter such fact upon the judgment record in a column provided for that purpose." Courts of general jurisdiction have an inherent supervisory control over their judgments and decrees. They may award process for the enforcement of their judgments and orders, and may, whenever necessary in order to correct or prevent abuse thereof, stay or quash any execution or other writ issued by their authority. The clerk is but the hand of the court, and whatever he is required to do in the discharge of his duties toward litigants or others may be enforced by the command of the court; and the duty to satisfy of record a judgment or decree, upon full performance by the party bound thereby, follows as a necessary incident of the power of the court to enforce its orders. (See *Briggs v. Thompson*, 20 Johns. [N. Y.], 294; *Shaw v. Dwight*, 27 N. Y., 244; *Harper v. Graham*, 20 O., 105; *Lough v. Pitman*, 26 Minn., 345; Black, Judgments, sec. 1014 *et seq.*) That an action may, in a proper case, be maintained

for the cancellation of a judgment after payment in full, or on account of facts amounting to an accord and satisfaction, is not doubted, although the remedy by that means is at most cumulative. The plaintiff in the case at bar has, according to the finding of the district court, satisfied the judgment by a return of the property replevied. True, it may be inferred from the record that the defendant, for reasons not disclosed, refused to receive the property when returned in obedience to the judgment in his favor, but that fact cannot, in view of the finding of the district court, be regarded as material. The question is not whether the defendant in a replevin suit may, upon any conceivable state of facts, refuse to accept the property in dispute when tendered pursuant to an alternative judgment in his favor and afterward assert a substantial right thereunder, but whether, upon the facts of the case before us, the return of the property operated to discharge the alternative judgment. That question must, as we have seen, be answered in the affirmative. It follows that the order complained of should be reversed and the cause remanded with directions to satisfy of record the judgment herein mentioned.

REVERSED.