HINTON v. HINTON.

4-8069                                    199 S. W. 2d 591

Opinion delivered February 17, 1947.

*Rains & Rains,* for appellant.

*Martin L. Green* and *Dan F. White,* for appellee.

SMITH, J. Appellant filed suit for a divorce from his wife and prayed that he be awarded the custody of their minor child. The wife filed an answer denying that appellant was entitled to a divorce, and praying that she be granted a divorce and be awarded the custody of the child, and that provisions for her support and that of the child be made.

Appellant's complaint was dismissed and appellee was given a divorce, and was awarded the custody of the child, and it was ordered that appellant pay appellee for her support, and that of the child, the sum of $40 per month, to be paid semi-monthly. This decree was rendered March 24, 1941.

Appellant made only partial payments, and was cited to show cause why he had not complied with the order of the court. Appellant responded with a petition praying that the order be modified inasmuch as appellee had married subsequent to the rendition of the decree. She had remarried in September, 1941, and became Mrs. Clem Townley. Appellant has also remarried. The decree was so modified as to require appellant to pay only $20 per month, and this for the support of the child, but a judgment was rendered against him for $323.50 for arrearage in payments.

Appellant was inducted into the army on October 3, 1942, and ordered an allotment of $42 per month to be paid to appellee for the benefit of their child pursuant to army regulations presently to be discussed. These payments of $42 per month were made as directed, until appellant was honorably discharged from the army at which time the allotment payments ceased, and no further payments were made by the government, nor has appellant made any subsequent payments.

After his discharge from the army appellant was again cited to show cause why he had not made the payments directed in the amended decree, and he filed a response in which he alleged that the payments had not only been made, but that there had been an overpayment which sufficed to meet the payments which had accrued after appellant was discharged from the army.

After a hearing on the citation the court entered a decree from which is this appeal to the following effect: "That the total payments due to be paid from the date of the original decree is in the amount of $1,230 and that plaintiff owes for maintenance for said baby as of May

1, 1946 (the date of the final decree), a balance of $316, together with the cost of this action, and that the $20 per month maintenance for said child shall continue as per the order of November 3, 1941.''

Appellant's insistence is that inasmuch as the government allotment of $42 per month, if he is allowed credit for the entire amount thereof, would suffice to pay all arrearages and to pay the $20 per month allowance fixed by the court, up to and even beyond the date of the trial, and that therefore he owed nothing at the time of the trial of the cause in the court below, and was not in default.

The government allotment ceased in November, 1945, as appellant was discharged from the army November 30, 1945. Since that date appellant has made no payments, but he insists that if given credit for the full amount of the government allotment paid appellee for the benefit of the child, he owed nothing at the time of the trial. Whether this is true or not is the controlling question in the case.

Title 37 of the U. S. C. A. deals with the pay of enlisted men, and that of the government allotments to their dependents. Section 201 of this title provides that: ''The dependent or dependents of any enlisted man in the Army of the United States, the United States Navy, the Marine Corps, or the Coast Guard, including any and all retired and reserve components of such services, shall be entitled to receive a monthly family allowance for any period during which such enlisted man is in the active military or naval service of the United States on or after June 1, 1942, (1) during the existence of any war declared by Congress and the six months immediately following the termination of any such war . . .''

Section 202 of the title reads as follows: ''The monthly family allowance payable under this chapter to the dependent or dependents of any such enlisted man shall consist of the Government's contribution to such allowance and the reduction in or charge to the pay of

such enlisted man, except as to the initial family allowance provided by § 207 (a) of this title.''

Section 203 of this title divides the dependents into three groups and provides that: ''The class A dependents of any such enlisted man shall include any person who is the wife, the child, or the former wife divorced of any such enlisted man.'' We presume the divorced wife referred to is one who has a claim for support under the divorce decree, but appellee is not such a person, and she is suing here only for the benefit of the child for whose support the decree ordered the appellant to pay $20 per month.

Section 205 of the title provides that: ''To class A dependent or dependents: A wife but no child, $50; a wife and one child, $80, with an additional $20 for each additional child; a child but no wife, $42, . . .'', which is the case here.

Section 206 of the title states: ''For any month for which a monthly allowance is paid under this chapter to the dependent or dependents of any such enlisted man the monthly pay of such enlisted man shall be reduced by, or charged with, the amount of $22, and shall be reduced by, or charged with, an additional amount of $5, if the dependents to whom such allowance is payable include more than one class of dependents.'' This $5 provision has no application here as there is only one dependent.

These government allotments were not intended to increase the pay of enlisted men, but to make provision for the support of their dependents while in the armed services. Twenty dollars of this allotment was allowed for the dependent child, but $22 of this allotment was deducted from the pay which would otherwise have been paid to the soldier himself. While in the service the soldier's earning capacity ceased, except for the payments made to him by the government, and from this pay the government deducted $22 per month, and this deduction continued during the entire period of appellant's service, which was three years, one month, and five days, and this

deduction of $22 was in addition to the $20 monthly allotment to the child made by the government.

A witness who as a personnel officer in the army was familiar with the applicable statutes, differentiated between the allotments to the enlisted man's dependents which are designated as allotments "E" and "F," the latter being the allotment which the soldier makes, as in this case, the first being the allotment where the soldier has made no designation. But it would confuse, and not clarify the question presented to discuss these differences. Payments here by the government were made under allotment "F," at the direction of appellant when he was inducted into the service, and were made pursuant to the statutes from which we have quoted.

The allotment payments totaling $42 per month were not made under the divorce decree, but they were made nevertheless, and appellant should have credit therefor. They were made during the entire period of appellant's service in the army, and were in an amount sufficient to discharge his obligation to pay up to the time of his discharge from the army, so that he owed nothing when he was discharged from the army. But the obligation to pay $20 per month for the support of his child did not cease upon his discharge from the army. That obligation continued and now exists, and he should be charged with that amount since the date of his discharge. No allotment payments were made after November, 1945, and appellant should be charged with his child's support as provided in the decree, from that date.

The decree from which is this appeal rendered judgment against appellant for payments maturing up to May 1, 1946, and that amount was adjudged to be $316. This amount is excessive, as appellant should have been charged only from the date of his discharge, which was November 30, 1945, to the date fixed by the decree which was May 1, 1946, a period of five months, making a balance then due of only $100, and the decree is accordingly modified.

Inasmuch as subsequent payments have since matured and may not have been paid, the decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.