BROOKS *v.* BROOKS.

No. 16344. OCTOBER 13, 1948.

*Emory Robinson* and *Wheeler, Robinson & Thurmond,* for plaintiff.

*Walter D. Sanders, Smith & Stevens* and *Clifford A. Cranford,* defendants.

CANDLER, Justice. (After stating the foregoing facts.) Title 37, Chapter 3, U. S. C. A., entitled "Wartime Allowances To Servicemen's Dependents [New]," deals with the pay of enlisted men serving in the Armed Forces, and that of the Government allotments to their dependents. Section 201 of the title provides: "The dependent or dependents of any enlisted man in the Army of the United States, the United States Navy, the Marine Corps, or the Coast Guard, including any and all retired and reserve components of such services shall be entitled to receive a monthly family allowance for any period during which such enlisted man is in the active military or naval service of the United States on or after June 1, 1942, (1) during the existence of any war declared by Congress and the six months immediately following the termination of any such war."

Section 202 provides that "The monthly family allowance pay-

able under this chapter to the dependent or dependents of any such enlisted man shall consist of the Government's contribution to such allowance and the reduction in or charge to the pay of such enlisted man."

Section 205 provides that the amount of family allowance shall be for "a child but no wife, $42, with an additional $20 for each additional child."

Section 206 provides in part that, "For any month for which a monthly family allowance is paid under this chapter to the dependent or dependents of any such enlisted man, the monthly pay of such enlisted man shall be reduced by, or charged with, the amount of $22."

The two minor children of the defendant were entitled to receive, under the express terms of this act, irrespective of the alimony judgment, and did receive the sum of $62 per month as a "family allowance." Of this amount $22 was deducted from the service pay. The remaining $40 was paid by the Government. It seems to be clear that it was not the intention of the Congress that the $40 should be considered as a gift to the children simply because the father was serving in the Armed Forces, but that it was contributed toward their support in recognition of the fact that their father was still obligated to support them, and being in the enlisted ranks, his regular service pay was inadequate. By this act the Government undertook to help support the dependents of the servicemen at the time when the men themselves might have been unable to do so because their full time and energies were demanded in the defense of their homes and country. The right to this additional allowance from the Government was wholly dependent on the fact that the father was serving in the Armed Forces, and as compared to the services actually rendered it was but an additional token of appreciation from a grateful nation.

To hold that only the amount actually deducted from the serviceman's pay could be applied toward liquidation of the alimony judgment, would seem to be in direct conflict with the intent and purpose of the act, and would work an unjust hardship on those under similar circumstances who have honorably served their country. See Hinton v. Hinton, 211 Ark. 159 (199 S. W. 2d, 591).

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*