## 23455. NEWTON v. NEWTON.

QUILLIAN, Justice. This action for attachment for contempt was brought by the plaintiff mother upon the defendant father's alleged refusal to pay school expenses of the parties' daughter based on a provision in the divorce decree which read: "Whereas, it is agreed between the parties that Sandra Newton is to complete her medical education. Whereas, it is further agreed that the defendant E. Dewey Newton is to pay for all tuitions, board and clothing. However, E. Dewey Newton is to approve the amount of money to be spent on clothes. It is further agreed that any scholarships that may be given to Sandra Newton shall be applied to tuition and/or board and it is to be given credit to the defendant E. Dewey Newton for said education of said child." The father filed what is denominated a motion to dismiss the petition upon the grounds: that the child is more than 21 years of age and there is no law requiring a father to pay maintenance and support to a child after the child reaches the age of 21; that the jury verdict in the divorce proceeding provided that the father "shall pay all debts directly associated with and related to the college education of his three daughters . . . with a minimum of four years each, if they so desire"; that the final decree is contradictory to such jury verdict.

Upon a hearing before the trial judge, the following judgment was entered: "The court finds as a matter of law that the respondent husband father, E. Dewey Newton, is not in contempt of court and is, therefore, ordered discharged from such

contempt proceedings." The mother appeals from this judgment and specifies the same as error. *Held*:

1. The rule is well established that, "Where, during the pendency of a divorce and alimony suit, the parties enter into a written contract whereby they settle alimony rights, including support and maintenance for their minor children, and such contract is approved by the court and by agreement incorporated in and made a part of the final decree, it thus becomes and is an adjudication of that issue and enforceable as any other judgment or decree for alimony, including child support." *Fambrough v. Cannon*, 221 Ga. 289 (1) (144 SE2d 335). *Estes v. Estes*, 192 Ga. 94, 96 (14 SE2d 681); *Wilson v. Chumney*, 214 Ga. 120 (1) (103 SE2d 552). However, here the agreement between the parties, while contained in the judgment, was never formally made a part of the judgment. There is no language indicating the recited agreement between the parties was fixed, approved, incorporated into or otherwise made the judgment of the court. Instead this agreement is merely set out in the judgment with no apparent judicial disposition made as to such matter. In short, the language is couched in the mode of a recitation, not as a ruling. Thus, there was no adjudication as to support for the daughter. In such circumstances, the above quoted rule would have no application.

2. A further fatal defect in the plaintiff mother's right to prevail is that child support within the contemplation of our law applies to minor children. *Code* § 30-207. There is no legal requirement that a father support his children once they reach majority. *Tilly v. Canedy*, 217 Ga. 63 (121 SE2d 144); *Code* § 74-105. See *Code* § 74-104. Hence, the father could not be held in contempt for failure to pay support for his adult child.

While we are unable to ascertain the correctness of the assertion in the motion to dismiss that the daughter is over 21, we recognize that the burden is upon the party challenging the legality of a decision to prove error by the record. *Saliba v. Saliba*, 201 Ga. 681, 688 (40 SE2d 732). The presumption is in favor of the regularity and legality of all proceedings in the court below. *Grinad v. State*, 34 Ga. 270 (1). In the absence of anything to the contrary appearing we presume that the trial judge had before him proof demonstrating the

age of the daughter so as to support his finding that, as a matter of law, the defendant father was not in contempt.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1966—DECIDED MAY 26, 1966.

*Allen & Edenfield, Charles H. Brown,* for appellant.
*T. Ross Sharpe, Julian Cheney,* for appellee.

*Judgment affirmed. All the Justices concur.*