## 28021. GOLDEN v. GOLDEN.

NICHOLS, Justice. Florence J. Golden filed an action in which she sought separate maintenance, alimony and child support from her husband, George D. Golden. He filed a cross claim in which he sought a divorce. The jury granted the husband a divorce and awarded alimony and child support to the wife, as well as providing for a property settlement between the parties. The appeal is from the judgment on the jury's verdict and enumerated as error is the amount of alimony awarded, a provision in such verdict providing for an increase or decrease depending upon changes in the husband's income, the failure of such verdict to provide for termination of the child support upon the marriage, etc. of the children and the award of attorney fees. *Held:*

1. Counsel for the appellee former wife having conceded that a reversal is required under cases exemplified by *Dobson v. Dobson,* 223 Ga. 432 (156 SE2d 72) as to attorney fees inasmuch as no hearing was had on such issue until after verdict and such matter was not reserved for further consideration by the trial court, that part of the judgment awarding attorney fees is reversed with direction that such part of the judgment be deleted from the final judgment.

2. An award of alimony or child support based upon a percentage of future income is enforceable and "net compensation after taxes" is a term subject to a definite determination. See *Kitchin v. Kitchin,* 216 Ga. 619 (118 SE2d 462). Thus, the award of alimony and child support in a fixed amount but subject to automatic increase or decrease in the event of a change in the husband's "net compensation after taxes" was not error.

3. An award of child support is for the support of the child

in lieu of that required by Code § 74-105 (*Thomas v. Holt,* 209 Ga. 133 (2) (70 SE2d 595)), and in the absence of specific provisions to the contrary terminates when the child reaches majority or marries. When a child reaches majority, the statutory and common law duty of the father to support the child ceases and should a minor marry, the duty of the father to support the child ceases because such child would no longer be a member of the father's household, but would have assumed an inconsistent position. Compare *Thompson v. Ga. R. &c. Co.,* 163 Ga. 598 (136 SE 895).

(a) The failure to provide that the child support should cease should the child enter military service would not make the verdict and decree as to child support void, but on the contrary, it would still be enforceable. Compare *Torras v. McDonald,* 196 Ga. 347 (26 SE2d 598); *Peacock v. Peacock,* 212 Ga. 401 (93 SE2d 575).

4. The award of $675 per month as alimony and child support ($225 each for the wife and two children), is not excessive as a matter of law where the income of the husband, including allowances as a Captain in the U. S. Air Force, is shown to be $1,434.98 monthly and the only indebtedness of the husband is a loan secured by a savings account in excess of the amount of the loan.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 5, 1973.

*Walker, Yancey & Gupton, Fred H. Walker,* for appellant.

*Ed G. Barham, John R. Bennett,* for appellee.