### 29565. JENKINS v. JENKINS.

Hall, Justice.

This is an appeal from an order and judgment declaring that the appellant-father is liable under the divorce decree entered in 1971 for reasonable expenses incurred by his daughter during four years of college, and holding him in contempt for failure to pay the expenses then incurred. The 1971 decree was based upon a verdict

of a jury and contained the following provision: "The defendant shall pay to the Plaintiff [mother] or to such person as has the custody, care and control of the minor child, Jon Natalie Jenkins, the sum of $300.00 per month beginning with September 9, 1971 and continuing until said child becomes 21 years of age. In addition to the said sum of $300.00 per month above provided, the defendant shall furnish to the minor child, Jon Natalie Jenkins, four years of college expenses for a college education for the said minor child." At the time of the judgment under appeal, the child was 18 years old and enrolled in college.

1. In *Choquette v. Choquette,* 232 Ga. 759 (208 SE2d 848), this court had before it a divorce decree requiring child support until the age of 21. We held that the 1972 Act (Ga. L. 1972, p. 193) changing the age of majority from 21 to 18 did not relieve the father of his obligation under the decree once the child reached the age of 18, citing the provision of the Act which states that "Nothing in this Act shall . . . have the effect of changing the age from 21 to 18, with respect to any legal instrument or court decree in existence prior to the effective date of this Act, when said instrument refers only to 'the age of majority' or words of similar import." The appellant contends that the above proviso is unconstitutional in that it arbitrarily discriminates against fathers who were divorced prior to the above Act in contrast to those who were divorced subsequent thereto. We disagree. The "legislature has no constitutional power to construe or alter judgments." *Northside Manor, Inc. v. Vann,* 219 Ga. 298, 300 (138 SE2d 32). The challenged provision merely followed that rule of law by requiring that obligations established by final judgments antedating the change in the age of majority be preserved.

2. The appellant contends that the requirement of the decree that he furnish his child four years of college expenses for a college education terminates upon the child's twenty-first birthday. We agree and direct that the order of the trial court be modified to so state.

"Until majority it is the duty of the father to provide for the maintenance, protection, and education of his child." Code § 74-105. While there is an obligation to provide an education for the child, no means are provided

to enforce this requirement beyond the terms of the compulsory attendance law found in Code Ann. § 32-2104. However, once a divorce decree is entered awarding custody of the child to the mother, the husband's obligation of support for the child can be made a requirement of the decree. *Brown v. Brown,* 132 Ga. 712, 715 (64 SE 1092). The trial court therefore has jurisdiction to include in the decree a provision for educational funds including expenses for attending a college during minority where the circumstances of the case warrant it. *Fitts v. Fitts,* 231 Ga. 528 (202 SE2d 414); *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387); *Moody v. Moody,* 224 Ga. 13 (159 SE2d 394). However, any such obligation imposed by the decree terminates when the child reaches majority or marries. E.g., *Golden v. Golden,* 230 Ga. 867, 868 (199 SE2d 796).

3. We find no merit in appellant's contention that the order was excessive in that it imposed a double liability for board. The decree is distinguishable from the verdict in *Taylor v. Taylor,* 228 Ga. 173 (184 SE2d 471) for the reason that it specifically states that the "college expenses" are to be "in addition to the said sum of $300.00 per month" provided for general support.

4. The judgment of the trial court finding the appellant in contempt of court for the college expenses then in arrears was authorized by the evidence; and any procedural defect inhering in the contempt judgment is immaterial and does not show reversible error, because the superior court provided terms consistent with this opinion upon which appellant could purge himself of the contempt.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED MARCH 4, 1975.

*Farmer, Fanning & Porterfield, Millard C. Farmer, Jr., Amanda P. Porterfield,* for appellant.

*David C. Stripling, John L. Westmoreland, Sr., Edward E. Bates, Jr.,* for appellee.

*Arthur K. Bolton, Attorney General, Stephen L.*

*Cotter,* amicus curiae.