## 30389. ANDERSON v. POWELL.

JORDAN, Justice.

This appeal is from a judgment finding the appellant father in contempt for failure to make certain child support payments awarded to the appellee mother in a divorce and alimony action between the parties.

The agreement of the parties, which was made the judgment of the court, provided that the $30 per week per child payment for the support of their two minor children would continue "until such time each child shall reach

the age of 20 years, and is able to support his or herself, marries, dies; and it is further understood if either one of said children, upon reaching age 20, is still dependent upon the wife for over half of his support, i.e., if earning less than $50 per week said support payment shall continue for that child until he or she becomes self supporting, that is, to be able to pay for over half of his or her own support. When each child shall reach age 20 years, marry, die or become self-supporting, said maintenance and support of each child shall cease and the total amount paid as stated shall be reduced in the amount paid as supporting maintenance for that child, that is, the sum of $30 per week."

1. The father asserts error in the ruling of the trial judge that his obligation continued to make support payments for his son, who was not self-supporting as that term is defined in the divorce and alimony decree, after his son became 21 years of age on July 12, 1974.

The divorce decree was entered in 1966, when the age of majority was 21, and the father does not dispute the obligation to make support payments prior to his son's 21st birthday. See *Jenkins v. Jenkins,* 233 Ga. 902 (1) (214 SE2d 368) (1975).

The statutory duty to support a child ceases when the child reaches majority. *Tilly v. Canedy,* 217 Ga. 63 (121 SE2d 144) (1961); *Newton v. Newton,* 222 Ga. 175 (2) (149 SE2d 128) (1966); *Bateman v. Bateman,* 224 Ga. 20 (2a) (159 SE2d 387) (1968); *Futch v. Futch,* 224 Ga. 350 (161 SE2d 868) (1968); *Golden v. Golden,* 230 Ga. 867 (3) (199 SE2d 796) (1973); *Jenkins v. Jenkins,* supra.

In *McClain v. McClain,* 235 Ga. 659 (1975), this court held that where the contract of the parties settling alimony is incorporated in a divorce decree, and such contract obligates the father to provide maintenance and education for the child beyond minority, the decree approving the contract is enforceable by contempt.

The present case is not controlled by the *McClain* case. In the *McClain* case the contract, in clear and precise language, provided that the father should provide a college education for each of his minor children. In the present case there is no clear language stating that the father is obligated to support his minor children after

they reached majority. The support specified was until the age of 20 years, unless the child was then not self-supporting, in which event the support was to continue. In the absence of specific language stating that the support would continue beyond the age of 21, we must conclude that the parties intended that the obligation would cease at the age of 21, when the statutory duty to support the child terminated.

The trial judge therefore erred in holding the father in contempt for refusing to make the support payments which accrued after his son became 21 years of age.

It is directed that the contempt judgment be modified to conform to this ruling.

2. The father contends that the trial judge erred in failing to give him credit for sums received by his son for support under the Social Security Administration Supplemental Security Income Act, and from the Cobb Department of Family and Children Services.

The notice of appeal states that there is no transcript for inclusion in the record. From the judgment of the trial judge, which we must assume to be supported by the evidence, these sums were public assistance from the county and federal governments. The cases of *Brooks v. Brooks*, 204 Ga. 412 (49 SE2d 881) (1948); and *Horton v. Horton*, 219 Ga. 177 (132 SE2d 200) (1963), dealt with sums attributable to the service and labor of the father and are distinguishable from the present case.

The trial judge did not err in holding that the father was not entitled to credit on the support payments due by him for the amounts supplied by the local and federal governments as public assistance to his son.

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur, except Ingram, Hall and Hill, JJ., who dissent.*

ARGUED OCTOBER 14, 1975 — DECIDED DECEMBER 2, 1975 — REHEARING DENIED DECEMBER 15, 1975.

*Flournoy & Still, Charles A. Evans,* for appellant.
*Greene, Smith, Davis & Dodson, H. Darrell Greene, Morgan McNeel Robertson,* for appellee.

HILL, Justice, dissenting.

I respectfully dissent from Division 1 of the majority opinion. *McClain v. McClain,* 235 Ga. 659, holds that "The agreement of the parties which was incorporated in and made a part of the divorce decree is enforceable after the majority of each child." In the present case the agreement of the parties provided for the contingency that "if either one of said children, upon reaching age 20, is still dependent upon the wife for over half of his support, i.e., if earning less than $50 per week said support payment shall continue for that child until he or she becomes self supporting, that is, to be able to pay for over half of his or her own support." The child is now over 21 but, due to a disability, is not self-supporting. The trial court found, and I agree, that the intent of the parties was to provide support for the child until he is self-supporting, even beyond the age of 21. In my view *McClain v. McClain,* supra, requires affirmance of the trial court.

I am authorized to state that Justice Ingram and Justice Hall join in this dissent.