51895. RISER et al. v. TRUST COMPANY OF GEORGIA.

STOLZ, Judge.

Appellants Robert B. Riser and Sara B. Riser are the only child and former wife, respectively, of the late Edward Albert Riser. Trust Company of Georgia is the duly appointed executor and trustee of the estate of Edward Albert Riser. On November 11, 1959, the marriage of appellant Sara B. Riser and Edward Albert Riser was dissolved by decree of divorce, which provided in part: "The defendant agrees to maintain policies of insurance on his life which he now holds in Southern Life Insurance Company and in National Service Life Insurance each in the amount of $5,000.00 with the primary beneficiary being the minor child, Robert B. Riser, and the plaintiff as contingent beneficiary, irrevocably. The defendant shall authorize the insurance companies to furnish duplicate copies of the policies and any other pertinent information regarding the status of the policies."

The record reveals that at the time the divorce decree was entered the Southern Life Insurance policy had a value of only $2,500 and the National Service Life Insurance policy had a value of only $2,500. The value of these policies was not changed during the life of the insured, Edward Albert Riser. It is stipulated that on September 1, 1972, the date of Edward Albert Riser's death, Robert B. Riser had reached his majority. The two appellants are before this court appealing the trial judge's grant of the executor's motion for summary judgment dismissing their petition seeking judgment for $5,000 from the assets of the estate. *Held:*

We believe the trial judge was correct. The language contained in the divorce decree expressing an "agreement," while contained in the judgment of the divorce decree, was never made a part of that judgment. The language amounts to a recitation, not a ruling. Thus, there was no adjudication as to the insurance provisions. *Newton v. Newton,* 222 Ga. 175, 176 (1) (149 SE2d 128). Moreover, the insurance provision of the divorce decree was to provide funds for the support of his then minor child. Once the child attained majority, this provision imposed no continuing responsibility on the father. The fact that the father continued to maintain insurance on his life payable to his son, was a gratuity that cannot impose on his executor any duty to make additional unauthorized payments to the son and former wife from general assets of the estate. *Tilly v. Canedy,* 217 Ga. 63 (121 SE2d 144).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED APRIL 5, 1976 — REHEARING DENIED MAY 12, 1976.

*Mull & Sweet, Gale W. Mull,* for appellants.

*Huie, Ware, Sterne, Brown & Ide, Alton H. Hopkins,* for appellee.