## 31746. CLAVIN v. CLAVIN.

Ingram, Justice.

Thomas Clavin appeals a final judgment and decree entered in his divorce action in the/Superior Court of Fulton County. There are six enumerations of error. Four concern the validity of child support provisions in the decree. In the other two enumerations, appellant contends that the admission of evidence tending to show misconduct by him was error. We find two enumerations of error relating to the child support award meritorious.

The Clavins were married in 1964. It was the second marriage for each of them. No children were born of this union, but Mr. Clavin had four minor daughters from his first marriage. Mrs. Clavin subsequently adopted the children. At the time of this action, only one of the children was a minor. The pertinent part of the decree concerns the child support awarded for the minor child.

"We find as child support for the minor child . . . as follows: Two Hundred Dollars per month until age 21. Mr. Clavin pays all medical, dental and psychological service expenses as necessary, maintain major medical insurance. . . , provide a life insurance policy on his life to the benefit of [the child] in an amount not less than $25,000.00; he be required to pay the cost of any special schooling . . . as may be required, to be determined by a competent professional opinion of Mrs. Clavin's choice."

Appellant contends that each of the provisions of the

judgment relating to child support is invalid and are collectively excessive. Specifically, he argues that: (1) the award of child support past the age of majority is invalid; (2) the requirement that he provide a life insurance policy for the benefit of the minor child is invalid; (3) the provisions relating to special schooling and psychological expenses are vague, indefinite and invalid.

The first issue we consider is the requirement that child support be paid past the age of majority, which is eighteen. Code Ann. § 74-104.1 (Rev. 1973). A father's statutory duty to support his children ceases at their majority. Code Ann. § 74-105 (Rev. 1973). An award of child support substitutes for the support required of a father by statute. *Golden v. Golden,* 230 Ga. 867 (3) (199 SE2d 796) (1973); and see Code Ann. § 30-207 (Rev. 1969). A requirement to provide child support beyond the age of majority may not, as a matter of law, be imposed. See *Newton v. Newton,* 222 Ga. 175 (2) (149 SE2d 128) (1966).

The wife argues, relying on *Golden,* supra, at 868, that the jury may, in its discretion, make "specific provisions to the contrary." This argument has no merit as the quoted dicta refer not to provisions of a verdict but to provisions of an agreement between the parties settling child support. See, e.g., *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975); and *Anderson v. Powell,* 235 Ga. 738 (221 SE2d 565) (1975). There was no such agreement in this case. That part of the decree requiring the payment by the father of support beyond the child's majority is unenforceable and must be stricken.

The husband next argues that the judgment is invalid as it requires him to "provide a life insurance policy on his life to the benefit" of the minor child. There is, of course, no question that a father may agree to provide life insurance for the benefit of his child. Such an agreement, if valid and incorporated in the decree, will be enforced. *Futch v. Futch,* 224 Ga. 350 (161 SE2d 868) (1968); *Tilly v. Canedy,* 217 Ga. 63 (121 SE2d 144) (1961). The question, rather, is whether the divorce court may impose this requirement either pursuant to a verdict or acting alone when hearing the case without a jury. We conclude the court does not have this power and such provision is enforceable only when it has been agreed to by

the father in the first instance.

Generally, the duty of a father to support his children ceases upon his death, and the duty then devolves upon another, usually the mother, during the minority of the children. *Raily v. Smith,* 202 Ga. 185, 188 (42 SE2d 491) (1947); *Chapin v. Cummings,* 191 Ga. 408, 412 (12 SE2d 312) (1940). The law does not require that a father provide for the support of his children after his death. See Code Ann. § 113-106 (Rev. 1975). Public policy, of course, favors the support of minor children by the father's estate after his death. See, e.g., Code Ann. § 113-903 (Rev. 1975) (Rules of Inheritance); Code Ann. § 113-210 (Rev. 1975) (Mistake of Fact in Will); Code Ann. § 113-107 (Rev. 1975) (Charitable Devises); Code Ann. § 51-705 (Rev. 1974) (Homestead); Code Ann. § 113-1002 (Rev. 1975) (Year's Support). However, the fact remains that, despite this strong public policy, a father is not required by law to create an estate for his minor children.

The same is true with respect to a divorced father and a child support decree. The decree merely replaces the father's statutory duty of support. *Golden,* supra. Absent some express, voluntary provision in the decree, the decree will not be enforced after the death of the father. Cf. *Brooks v. Jones,* 227 Ga. 566 (181 SE2d 861) (1971); *Veal v. Veal,* 226 Ga. 285 (174 SE2d 435) (1970); *Ramsay v. Sims,* 209 Ga. 228 (71 SE2d 639) (1952); *Berry v. Berry,* 208 Ga. 285 (66 SE2d 336) (1951). Similarly, this court has held that a father is not required to settle an estate on his children in a divorce case. *Collins v. Collins,* 231 Ga. 683 (203 SE2d 524) (1974); *Clark v. Clark,* 228 Ga. 838 (188 SE2d 487) (1972). The rationale is that the law places no greater duty of support on a divorced father than on one who is not divorced. It is in this context that we must consider the life insurance provision in this divorce decree.

The decree required appellant to "provide" a $25,000 life insurance policy for the benefit of his minor daughter. [1] In effect, the trial court's decree requires this father to establish an insurance estate to vest in his daughter upon

---

[1] The record does not indicate whether this provision refers to the maintenance of a present policy or the

his death. This, no doubt, is desirable. However, a divorce court, absent a voluntary obligation of the father, may not by decree enlarge upon the legal obligation of support. Since this requirement was beyond the court's power to impose, we hold it invalid.

The husband next contends that the decree is invalid because it requires him to pay the costs of psychological services and special schooling for his child. He further contends that, even if valid, they are too vague to be enforceable. We do not agree.

"[C]hildren are entitled to be supported by the father . . . commensurate with their proven customary needs and the father's financial ability to provide for them." *Harrison v. Harrison,* 233 Ga. 12, 15 (209 SE2d 607) (1974). Consistent with this benchmark, a father cannot provide a bare subsistence existence for his children and consider that he has done his duty. His support, as far as he is able, must be appropriate to the children's situation. Here, the record indicates that the child suffers from fairly severe learning disabilities and has required special schooling and psychological assistance in the past. The record also indicates that the father has the financial means to provide these services. Therefore, we cannot say that the jury was wrong in this case, as a matter of law, in determining that the father should pay these expenses. Of course, they are obligations of the father only during the child's minority, but otherwise they are valid obligations. See *McClain v. McClain,* 235 Ga. 659, 660 (221 SE2d 561) (1975), and *Moody v. Moody,* 224 Ga. 13, 15 (159 SE2d 394) (1968). In addition, we hold that since these costs can be ascertained, they are not unenforceable as being vague. *Norrell v. Norrell,* 236 Ga. 797 (225 SE2d 305) (1976); *McClain,* supra, at 663.

The enumerations of error complaining of the admission of evidence relating to the husband's alleged misconduct are without merit as the case was tried to a jury on the fault grounds alleged by the parties. Furthermore, the child support provisions of the decree determined to be unenforceable can be excised and a new

purchase of a new policy. We think this distinction is irrelevant.

trial is not required because of them. See *Wills v. Wills,* 215 Ga. 556 (7) (111 SE2d 355) (1959). The child support award is not excessive when the invalid parts of it are disregarded. Thus, the judgment will be affirmed in part and reversed in part with direction that the trial court modify its final decree to conform to this opinion. Cf. *Veal,* supra, (2).

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED MARCH 1, 1977.

*McClain, Mellen, Bowling & Hickman, Arthur Gregory, Thomas W. Thrash,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins, IV,* for appellee.