### 34219. SHERRARD v. SHERRARD.

HILL, Justice.

The wife filed suit for divorce on March 1, 1978, seeking alimony for herself and child support for her 17-year-old son. A hearing was held on April 18, and on May 1 an order was entered awarding the wife $250 per month as temporary alimony. The son became 18 on July 17, 1978. The divorce was granted on motion on July 25, 1978, and pursuant to reservation in the divorce judgment a temporary order was entered on that date continuing in effect the order of May 1, 1978, which had ordered the father to pay the former wife $250 per month as alimony, and, in addition, ordering the father to pay to the son, until further order of the court, $300 per month for the son's college expenses. The stated basis of the trial court's decision as to college expenses was that the father had agreed at the hearings on April 18 and July 25 that he would pay his son $300 per month for his college expenses. The father appeals so much of the order as requires him to pay college expenses. We reverse.

In *Clavin v. Clavin,* 238 Ga. 421, 422 (233 SE2d 151) (1977), we held that "A requirement to provide child support beyond the age of majority may not, as a matter of law, be imposed . . . That part of the decree requiring the payment by the father of support beyond the child's

majority is unenforceable and must be stricken."

On the other hand, in *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975), we held that where the parties enter into an agreement to provide child support beyond the age of minority and that agreement is approved by the court and made part of the divorce decree, the obligation to pay child support for an adult child is binding and enforceable by contempt.

The question presented here is whether the father's statement in court that he would pay his son's college education takes this case out of the rule of the *Clavin* case, supra, and puts it into the rule in *McClain,* supra.

One of the considerations which underlay the *McClain* decision was that the parties had negotiated and contracted for post minority child support. One of the parties may have forgone other rights so as to secure the funds for an education for the child. The agreement was enforceable as an agreement of the parties by suit on the contract and the real issue was whether it would be enforced by contempt. In the case now before us there was no quid pro quo for the college expense obligation and no agreement of the parties enforceable by suit for breach. The rationale for *McClain v. McClain,* supra, is not present here and thus *Clavin v. Clavin,* supra, is applicable.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 3, 1978 — DECIDED NOVEMBER 22, 1978.

*Smith & Allgood, Douglas E. Smith,* for appellant. *Martha J. Kuckleburg,* for appellee.