## 66241. CRAWFORD v. KALMAN.

DEEN, Presiding Judge.

Nancy Kalman brought a garnishment action against her former husband, Douglas Crawford, for $11,779.10 plus $3,234.87 in interest in unpaid child support. Crawford filed a traverse to the garnishment. The trial court ruled in favor of Kalman and Crawford appeals. *Held:*

The parties were divorced on August 22, 1978. The issues of child custody, child support, alimony and a property settlement were set forth in an agreement signed on July 19, 1978, and later incorporated into the divorce decree. It was agreed that the wife would have permanent custody of the minor children of the parties, Logan and Wendy, and that the husband was to pay "$350 per child per month in child support and that the payments would . . . continue until each child becomes self-supporting or dies, whichever occurs first. Upon the oldest child, Logan Lee Crawford, leaving home permanently, instead of the above-mentioned child support payments being decreased in one-half (1/2), payments will then be four hundred fifty ($450.00) per month, which will include the husband's investment in

the equity of the parties' residence . . ."

Appellee contends that beginning in February 1979, Crawford failed to comply with the terms of the decree and she credited him with payments totaling $2,727.22 from February 1, 1979, to January of 1982. The youngest child moved to her grandmother's house in July of 1980 and appellant is not seeking child support for her after that date. Wendy became 18 on November 22, 1979. Logan left home in February of 1982, and testified that he had earned approximately $5,000 each year since 1979. The evidence further showed that Logan was not a minor when the parties signed the agreement as his birthdate was stipulated as April 22, 1960.

Under OCGA § 19-7-2 (Code Ann. § 74-105): "It is the joint and several duty of each parent to provide for the maintenance, protection, and education of his child until the child reaches the age of majority, except to the extent that the duty of one parent is otherwise or further defined by court order." When a child attains the age of majority or marries, the parent's support duty ceases. *Golden v. Golden,* 230 Ga. 867 (199 SE2d 796) (1973). The courts, however, cannot require a parent to support a child beyond the age of majority. *Clavin v. Clavin,* 238 Ga. 421 (233 SE2d 151) (1977); *Sherrard v. Sherrard,* 242 Ga. 611 (250 SE2d 474) (1978). The parties, however, may enter a written contract during the pendency of a divorce or alimony suit to settle alimony rights including child support for the minor children. When such a contract is approved by the court and incorporated into the final divorce decree it is fully enforceable as an adjudication on that issue. *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975). If, however, support is sought for a child who has passed the age of majority, the agreement must contain specific language stating that support will continue. *Anderson v. Powell,* 235 Ga. 738 (221 SE2d 565) (1975). In making this ruling, the court in *Anderson,* supra, relied upon *McClain,* supra, and noted the precise language in the agreement in *McClain* obligating the father to provide support beyond the age of majority. The agreement in the present case is even more ambiguous than that in *Anderson* and the transcript shows that Logan had already reached the age of majority before the agreement was signed. Therefore, the provision awarding custody of him to his mother was null and void and the lack of reference in the contract to the support continuing past the time the children attain the age of majority does not meet the specificity requirements in *Anderson.*

Accordingly, the trial court's order must be reversed and this case must be remanded for recalculation of the arrearage, if any, until Wendy attained the age of majority.

*Judgment reversed and remanded with direction. Banke and*

*Carley, JJ., concur.*

Decided May 20, 1983.

*Robert J. Calcagno,* for appellant.
*Elizabeth Coleman Stroup, Kenneth P. McDuffie,* for appellee.