A95A2025. BARNES v. JUSTIS.
(467 SE2d 3)

McMURRAY, Presiding Judge.

Plaintiff Christine S. Justis, formerly married to defendant William G. Barnes, initiated an action for "CHILD SUPPORT AND OTHER RELIEF," seeking an order that defendant "be temporarily and permanently required to make child support payments to the Plaintiff for the benefit of the parties' minor child in an amount which is consistent with the statutory guidelines[.]" According to plaintiff's financial affidavit, the minor Stephanie Barnes was born on November 16, 1976. Defendant denied the material allegations and counterclaimed for certain interest payments allegedly owed to defendant but withheld by plaintiff. On August 2, 1993, the Superior Court of Glynn County, Georgia, entered an "INTERLOCUTORY ORDER," directing defendant to pay plaintiff "$725.00 per month on the first day of each month, minus [certain trust] income received . . ., beginning with the month of July, 1993 and continuing thereafter on the [sic] until Stephanie marries, dies or reaches the age of majority, or until further Order of the Court, whichever occurs first."

Plaintiff subsequently moved for a citation of contempt because defendant "prorated" the November 1994, payment. It appears that the sum proffered, $237.50, is calculated by dividing the monthly amount $725 by 2, and then subtracting from that amount ($362.50) the sum of $125 in trust income. In an order entered on February 24, 1995, the superior court found defendant in wilful contempt of the interlocutory order based upon the following circumstances, as recited in the court's order: "Said child reached the age of majority on November 16, 1994. However, the last child support payment under the aforesaid Interlocutory Order came due before the parties' child reached the age of majority. Notwithstanding the foregoing, Defendant, Mr. William Guthrie Barnes, prorated that payment, thereby paying only the amount of $237.41 when he should have paid $598.91. . . . As a result . . ., the Plaintiff filed a Motion for Contempt. . . . [T]he Court finds the Defendant, William Guthrie Barnes in arrears in his child support obligations under said Interlocutory Order in the amount of $361.50 and that said arrearage is willful and in contempt of this Court's Order." This contempt citation allowed defendant to purge himself of the contempt by paying the difference to plaintiff's counsel on or before March 23, 1995, but awarded plaintiff $500 in attorney fees. The superior court further ordered that,

upon being presented with a copy of this order and the affidavit of plaintiff's counsel that defendant had failed to purge himself of the contempt, the Sheriff of Glynn County, Georgia, "shall immediately arrest the Defendant, William Guthrie Barnes and incarcerate him in the Glynn County Jail until he purges himself of said contempt by payment in full. . . ." The superior court stayed enforcement of its contempt citation "for a period of five (5) days . . ." to allow defendant additional time to purge himself of contempt by paying the balance due on his November 1994 child support.

Defendant's application for interlocutory appeal was granted and a timely notice of appeal was filed. Defendant appeals from the order of the superior court holding him in contempt for his failure to pay the full monthly amount of court-ordered child support for the month of November 1994. *Held*:

1. In his first enumeration, defendant contends the superior court erred in holding him "responsible for paying child support beyond the minor reaching majority on November 16, 1994." We agree.

A provision in a decree whereby child support payments will include the entirety of that month in which the child turns 18 is "illegal on its face in that it require[s] appellant [as the payor] to pay child support after [the] child [has] reached the age of majority. Code Ann. § 74-105 [now OCGA § 19-7-2]; *Clavin v. Clavin*, 238 Ga. 421 (233 SE2d 151) (1977)." *Kimble v. Kimble*, 240 Ga. 100, 101 (2), 102 (239 SE2d 676). In the case sub judice, the superior court's interpretation of the interlocutory "decree requiring the payment by the [defendant-]father of support beyond the child's age of majority is unenforceable and must be stricken." *Clavin v. Clavin*, 238 Ga. 421, 422, supra. Consequently, defendant's proffer in the case sub judice of the prorated monthly amount representing that period of November 1994 for which his daughter remained a minor (less trust income) was not any act of defiance, in wilful contempt of the superior court's interlocutory order. The holding of the superior court that defendant is in contempt is clearly erroneous and is reversed. It follows that the award to plaintiff of $500 in attorney fees for prosecuting this contempt motion also is unauthorized and is reversed.

2. Remaining contentions have been considered and are found to be without merit or else to be rendered moot by our holding in Division 1.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996.

William G. Barnes, *pro se*.

*George M. Rountree*, for appellee.