## 33765. DUKE v. SMITH.

NICHOLS, Chief Justice.

1. In this contempt action brought by the former wife against the former husband as a result of his having ceased making payments on her automobile and life insurance policy after her remarriage, it was not error for the trial court to admit into evidence over objection of the former husband their agreement, which was at least partially incorporated into their divorce decree, and the automobile loan payment booklet and life insurance policy. The appellant former husband's enumerations of error in this regard are wholly lacking in merit.

2. Also lacking merit is the appellant's enumeration of error contending that the agreement is not incorporated into the parties' final decree of divorce. The present case is distinguished from *Newton v. Newton,* 222 Ga. 175 (149 SE2d 128) (1966), in that the existence of the agreement in *Newton* merely was recited but no judicial ruling or

disposition as to it was made in the decree. In the present case, the decree contains an express ruling and determination that "the property of the parties shall be divided as set forth in the attached Separation Agreement."

3. The former husband is obligated by the separation agreement that is incorporated, at least in part, into the divorce decree to make periodic payments on the automobile loan and on the former wife's insurance policy until all payments due on each are paid completely. A construction of the entire agreement establishes that the subject clauses provide for property settlement, rather than alimony, despite the fact that they are preceded by a general, introductory clause which refers to "the following payments," including these payments, being for the "support and maintenance" of the wife and children. *Duncan v. Duncan,* 239 Ga. 789 (238 SE2d 902) (1977).

4. There is no merit in appellant's contentions that the final decree of divorce would not provide a basis for a contempt action because there was no specific command for the appellant to pay the sums in question. *Stanley v. Stanley,* 240 Ga. 856 (242 SE2d 626) (1978). All previous decisions of this court to the contrary are disapproved and will not be followed.

5. The remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 6, 1978.

*Joseph S. Skelton, Robert E. Ridgway, Jr.,* for appellant.

*Charles D. Strickland,* for appellee.

