## 30994. NORRELL v. NORRELL.

UNDERCOFLER, Presiding Justice.

This appeal is from a judgment holding the father in contempt of court for nonpayment of the educational expenses of one of his children. *Held:*

1. The divorce decree was entered in April 1970 and provided: that the father should pay child support for the minor children until each child reached the age of 18 years or became self-supporting and that he should "pay tuition for the children as they reach college age or tuition in any other school which they may enter." There was no agreement of the parties incorporated into the decree. When the decree was entered, 21 was the age of majority in this state. In 1972 (Ga. L. 1972, p. 193) the age of majority was changed from 21 to 18 and that Act provided that, "Nothing in this Act shall . . . have the effect of changing the age from 21 to 18, with respect to any legal instrument or court decree in existence prior to the effective date of this Act, when said instrument refers only to the 'age of majority' or words of similar import." *Choquette v. Choquette,* 232 Ga. 759 (208 SE2d 848) (1974). We construe the language of this decree to provide for reasonable tuition in a college or any other school which the children may enter until they reach the age of 21. *Jenkins v. Jenkins,* 233 Ga. 902 (1) (214 SE2d 368) (1975).

The contention of the father that he is not responsible for the tuition of his 19-year-old son under this decree is, therefore, without merit.

2. The father argues that the words of the divorce decree that he should "pay tuition for the children as they reach college age or tuition in any other school which they may enter" is vague and unenforceable.

Tuition is a charge made for instruction and can be easily ascertained. *Linton v. Lucy Cobb Institute,* 117 Ga. 678 (2) (45 SE 53) (1903). Therefore, it is not unenforceable for vagueness.

3. The evidence here shows that a 19-year-old son is attending the Juilliard School of Music. The tuition is $2,690 per year. The evidence shows the son has a scholarship of $800 which is to be applied against his

tuition. The appellant has an annual salary of $18,000. He is paying $125 per month child support for his 15-year-old daughter. The trial court held the appellant in contempt and ordered him to pay the mother $1,415 tuition previously paid by her and $2,690 for the 1975-76 school year as it became due. The trial court allowed no credit for the scholarship. In our opinion the appellant is obligated only for the net tuition. The trial court is directed to allow appellant a credit of $800 for the scholarship.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED APRIL 13, 1976 — DECIDED
MAY 5, 1976.

*Gilbert & Bone, Douglas C. Vassy,* for appellant.
*Orr & Federal, Richard M. Loftis, R. Keegan Federal, Jr.,* for appellee.