## A92A2089. HUGHES v. DULOCK.
### (428 SE2d 406)

POPE, Chief Judge.

Plaintiff Patricia L. Dulock brought this action against defendant Kenneth Payne Hughes seeking a determination that defendant is the father of her minor child and an award of child support. The petition also contained a prayer for an award of temporary child support. A hearing was held on defendant's motion for a protective order in regard to certain discovery requests and on plaintiff's request for temporary child support and for an order requiring defendant to submit to a blood test. Afterwards, the trial court issued an order directing defendant to pay temporary child support of $100 per week for a period of eight weeks, to be refunded in the event defendant is ultimately determined not to be the father of the child who is the subject of this action. A second order was issued awarding plaintiff the sum of $150 temporary child support from the date of the expiration of the first order until further order of the court. This order also denied defendant's request for a certificate of immediate review.

When the defendant failed and refused to make payments in accordance with the second order, the plaintiff filed an application for an order of contempt against the defendant. Pursuant to a hearing on the plaintiff's application, the trial court issued an order declaring defendant to be in contempt of court and ordering him to be incarcerated. The trial court, however, stayed the order of incarceration and granted defendant's request for a certificate of immediate review and this court granted defendant's application for interlocutory appeal.

1. In his first two enumerations of error, defendant argues the order granting temporary child support absent a finding of paternity is erroneous because it is a violation of law and of his constitutional right to due process. We agree.

Pursuant to OCGA § 19-11-14: "Whenever a man has been adju-

dicated by a court of competent jurisdiction as the father of a child born out of wedlock or whenever he has acknowledged paternity under oath in an administrative hearing, in court, or by verified writing, he shall be legally liable for the support of the child in the same manner as he would owe the duty of support if the child were his child born in wedlock. The right of the child born out of wedlock to receive such support is enforceable in a civil action, notwithstanding any other provision of law." In this case, no adjudication has been made concerning defendant's paternity of the child. The record contains a document bearing defendant's signature wherein defendant identified himself as the child's father and consented to the adoption of the child (although the record shows the mother ultimately did not give up the child for adoption). The document, although it was notarized, does not contain a sworn admission that defendant is the child's father. Thus, the record contains no evidence upon which an award of child support may be based. In *Weaver v. Chester*, 195 Ga. App. 471 (393 SE2d 715) (1990), this court declared that the right to enforce the obligation of child support through legal process arises only after a judicial determination of paternity, although once paternity is legally established, the father may be required to pay back support for past expenditures made on behalf of the child. See also *Department of Human Resources v. Carlton*, 174 Ga. App. 30 (329 SE2d 181) (1985). The Georgia Supreme Court declared it to be a deprivation of due process to compel a putative father to pay costs associated with an action to establish paternity prior to a hearing on the merits of the allegation of paternity. *Boone v. State of Ga.*, 250 Ga. 379 (297 SE2d 727) (1982). Likewise, it is a denial of due process to order defendant to pay temporary child support prior to an adjudication of paternity.

Although only the order declaring defendant to be in contempt of court is the subject of the trial court's certificate of immediate review and this court's grant of interlocutory appeal, this court has authority pursuant to OCGA § 5-6-34 (d) to review the earlier orders of temporary child support in this case. Thus, we reject plaintiff's argument that defendant waived his right to contest the orders because he acquiesced in making payments under the first order. Moreover, that order expressly acknowledged defendant's right to contest the award of temporary child support and the second order awarding temporary child support included a denial of defendant's request for a certificate of immediate review.

2. Having concluded the trial court erroneously ordered the payment of temporary child support prior to a determination of paternity, it follows that it also erred in holding defendant in contempt of court.

3. Defendant's argument that he is entitled to reimbursement for

payments made under the original order, however, is not properly before this court because the issue was not raised below.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 24, 1993.

*Andersen, Davidson & Tate, Gerald Davidson, Jr., Larry C. Old-ham,* for appellant.

*P. Samuel Huff,* for appellee.