S95A0270, S95A0271. HOPKINSON v. HOPKINSON (two cases).
(458 SE2d 117)

FLETCHER, Justice.

The parties' divorce decree required Mr. Hopkinson to pay the expenses for Mrs. Hopkinson to complete a four-year college degree. Following the divorce, Mrs. Hopkinson enrolled in college and has received a $250 HOPE scholarship and four tuition grants totaling $2,000 from the State of Georgia. The trial court held that Mr. Hopkinson was not entitled to a credit for this money. We granted the application for discretionary appeal to consider whether under *Norrell v. Norrell,*[1] Mr. Hopkinson is entitled to offset the scholarship and grants against the expenses he is obligated to pay. We hold that he is entitled to credit for money that was actually applied against tuition costs or other payments the decree required him to pay. Therefore, we reverse the trial court in part and remand for a determination of the amount of the offset.[2]

In *Norrell,* we held that a father who was obligated under a divorce decree to pay his son's "tuition" was entitled to a credit for the son's scholarship and thus was obligated only for "net tuition."[3] The evidence in *Norrell* showed that the son's scholarship was to be applied against tuition.[4]

In the present case, the decree required Mr. Hopkinson to pay "only the actual tuition, books, laboratory fees and matriculation fees, activity fees, and other fees charged by the institution." It did not

---

[1] 236 Ga. 797 (225 SE2d 305) (1976).

[2] We granted Mr. Hopkinson's application for discretionary appeal on this issue only; we find no merit in the other issues he raises.

[3] 236 Ga. at 798.

[4] Id. at 797.

specify which party was to benefit from any financial aid Mrs. Hopkinson might receive.[5] Mrs. Hopkinson testified that she used some of the grant and scholarship money for tuition and books. Additionally, the grants appear to be grants under OCGA § 20-3-410, which authorizes the payment of "tuition equalization grants." Because some of the funds were applied against expenses that Mr. Hopkinson was obligated to pay, we hold that *Norrell* requires that Mr. Hopkinson receive a credit for these sums.

Mrs. Hopkinson further testified that she received at least some of the funds directly from the state, and that she used some of the funds for other expenses associated with her education, such as transportation, and for the purchase of a computer and encyclopedias. Mr. Hopkinson presented no evidence that Mrs. Hopkinson's scholarship and grants required her to use the funds for the expenses set forth in the divorce decree. Nor does the record contain statements from the college that show that the college received the funds directly and applied them to tuition and fees and then refunded to Mrs. Hopkinson money received from Mr. Hopkinson. To the extent that Mrs. Hopkinson received the funds directly and was entitled to, and did, use the funds for educational expenses not included in the divorce decree, Mr. Hopkinson may not claim a credit.

We remand to the trial court for a determination of the amount of the credit to which Mr. Hopkinson is entitled.

*Judgment reversed in part and remanded with direction. Hunt, C. J., Benham, P. J., Fletcher, Sears, Carley, Thompson, JJ., and Judge George H. Kreeger concur. Hunstein, J., disqualified.*

DECIDED JUNE 12, 1995.
Domestic relations. DeKalb Superior Court. Before Judge Flake.
*James W. Penland, Jeffrey B. Bogart,* for appellant.
Helen Hopkinson, *pro se.*

---

[5] Compare *Newton v. Newton*, 222 Ga. 175 (149 SE2d 128) (1966) (decree specified that father would receive credit against tuition for any scholarships daughter received).