## A10A1760. SMITH v. CARTER.
### (699 SE2d 796)

BLACKBURN, Senior Appellate Judge.

Following a bench trial, Steven Smith, the natural father of S. A. S., appeals the $70,224 lump-sum back child-support award against him and in favor of Carrie Carter, the natural mother and custodian of S. A. S. He argues that the superior court failed to apportion the amount between him and the higher-income mother, and also failed to consider the child support guidelines instituted by the legislature, including a consideration of (i) the amount of his much smaller annual income of less than $27,000 and (ii) his other child support obligations. We agree that under the circumstances, requiring the father to bear the entire financial burden of the child's care for the last 12 years was an abuse of discretion. Accordingly, we vacate the back support portion of the award and remand the case to the court to reconsider such in light of this opinion.

Construed in favor of the trial court's findings, *Jacobs v. Chatham County, Ga.*,[1] the evidence shows that some time after their divorce, the father and the mother began to live together again, during which time they conceived a son (S. A. S.), who was born on

---

[1] *Jacobs v. Chatham County, Ga.*, 295 Ga. App. 74, 74 (670 SE2d 885) (2008).

August 5, 1994. The couple separated again in November 1997, with the mother retaining custody of the son. Over the next twelve years, the father would have the son over for visits, usually about three to four days a month. The father apparently paid the mother only a single payment of $100 toward the son's financial support. During this time, he remarried and adopted five children.

In 2009, the mother sued the father for past and future child support. The father answered, admitting that the boy was his and seeking to legitimate him. After legitimation was established, the court conducted a hearing on the issue of child support. The court found the father's monthly income to be $2,222.80 and the mother's to be $6,384.20, which relative proportions had been generally true throughout the 12 years. Pursuant to the Child Support Guidelines, see OCGA § 19-6-15, the court calculated future support from the father to be $115 per month. Based on the evidence it found credible at the hearing, the court calculated that the mother had expended $83,600 for the child's care over the preceding 12 years; the court subtracted 16 percent of the amount (representing the father's weekend and summer visitations with the boy) and ordered the father to pay the mother the entirety of the remaining amount as back child support, which came to $70,224. We granted the father's application for a discretionary appeal.

1. The father first complains that the court's finding regarding the $83,600 in expenditures lacked evidentiary support. However, the mother testified as to her actual expenses and calculations underlying this figure, which expenses were based on her personal knowledge. Because the "testimony of a single witness is generally sufficient to establish a fact," OCGA § 24-4-8, we discern no error. See *Jacobs*, supra, 295 Ga. App. at 74 ("[o]n appeal from a bench trial, we construe the evidence in favor of the judgment and will not disturb factfindings of a trial court if there is any evidence to sustain them").

2. The father then focuses on the back support award amount of $70,224. He contends that in calculating this amount, the trial court erred in failing to consider the mother's income and his much lower income and other child support obligations for the five children he adopted. He complains that the court abused its discretion in casting on him the entirety of the boy's expenses over the last 12 years, with no accounting for any financial support from the mother, whose income was triple that of his. He notes that, as calculated by the trial court (not contested by the mother), the current Child Support Guidelines only required a $115 monthly payment from him, which multiplied by 139 months (representing the time the mother sought back support) would amount to less than $16,000. He argues that the trial court rested its judgment on the erroneous legal theory that the

father's and the mother's financial circumstances were not to be considered in making the back support award. The mother counters that under *Weaver v. Chester*,[2] the court was not to consider such factors.

"[W]here it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm." (Punctuation omitted.) *Suarez v. Halbert*.[3] When the issue is a question of law, "we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." Id.

By statute, Georgia law provides that

[i]t is the joint and several duty of each parent of a child born out of wedlock to provide for the maintenance, protection, and education of the child until the child reaches the age of 18 or becomes emancipated, except to the extent that the duty of one parent is otherwise or further defined by court order.

OCGA § 19-7-24.[4] It is not the exclusive duty of either the father or the mother. In determining the child support due from the noncustodial parent to the custodial parent, "[t]he guidelines for computing the amount of child support are found in OCGA § 19-6-15 and must be considered by any court setting child support." *Roberts v. Tharp*.[5] Indeed, these guidelines "shall apply as a rebuttable presumption *in all legal proceedings involving the child support responsibility of a parent.*" (Emphasis supplied.) OCGA § 19-6-15 (c) (1). See *Roberts*, supra, 286 Ga. at 580 (1) ("[b]ecause the . . . court's orders in this case were entered after January 1, 2007, the revised child support guidelines in OCGA § 19-6-15 are applicable"). The trial court erred in refusing to consider these guidelines in its order regarding the back child support responsibility of the father.

*Weaver*, supra, does not hold otherwise. In *Weaver*, the mother (who was the custodial parent) sought to receive back support that *exceeded* her actual expenditures. She attempted to justify such an award based on the father's ability to pay. We held:

In the absence of any legislative enactment expanding this liability for "necessaries" to include liability for items which were not actually furnished to the child but which would have been furnished had the child's custodian been

---

[2] *Weaver v. Chester*, 195 Ga. App. 471 (393 SE2d 715) (1990).
[3] *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).
[4] This is similar for a child born in wedlock. See OCGA § 19-7-2. Cf. OCGA § 19-11-14 (a).
[5] *Roberts v. Tharp*, 286 Ga. 579, 580 (1) (690 SE2d 404) (2010).

> blessed with greater financial resources, we can conceive of no legal basis for awarding the appellant in this case back support in excess of the amounts she actually expended on the child's behalf.

Supra, 195 Ga. App. at 473. We specifically disagreed with the mother's contention "that the amount of the back support to which she is entitled is to be measured by the father's ability to pay during the periods in question rather than by the expenses actually incurred by her on the child's behalf." Id.

Thus, *Weaver* was clarifying that the actual expenditures of the mother were the *ceiling* or maximum for a back support award. By no means was *Weaver* stating that those expenditures were the *floor* or minimum for such an award. Indeed, the latter would make no sense, as a wealthy custodial mother could then forego obtaining a future-looking child support award based on the Child Support Guidelines and instead expend large amounts of money on a child for years, later turning to a lower income father and suing him for the total amount of those expenditures. *Weaver* was simply outlining that regardless of a noncustodial parent's ability to pay, the custodial parent can never be awarded back support for more than he or she actually spent. However, in determining what portion of the amount actually expended must be born by the noncustodial parent, a trial court is required to follow the Child Support Guidelines, which would include at least a consideration of the custodial parent's income, the noncustodial parent's income, and other child support obligations of the parents. See OCGA § 19-6-15 (b).

For these reasons, we vacate the portion of the court's order regarding back support and remand the case to the trial court to reconsider that portion of the judgment in light of our opinion. As the remainder of the trial court's order is unchallenged, we do not address such.

*Judgment vacated in part and case remanded with instruction. Barnes, P. J., and Phipps, P. J., concur.*

DECIDED JULY 30, 2010.

*Samantha F. Jacobs*, for appellant.
*William B. Johnson*, for appellee.